UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW,<br><br>    Plaintiff,<br><br>v.<br><br>CAPTAIN DUCH, et al.,<br><br>    Defendants. | No. 2:19-cv-0675 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's motion to proceed in forma pauperis. For the reasons set forth below, this court will recommend that plaintiff be found ineligible to proceed in forma pauperis and be required to pay the full filing fee to proceed.

**IN FORMA PAUPERIS STATUTE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

////

> fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

**HAS PLAINTIFF ACCRUED THREE STRIKES?**

Plaintiff is currently incarcerated at the Central California Women's Facility. (See ECF No. 1.) She has filed multiple actions in this court over the last three years. In the present case, plaintiff alleges sleep deprivation due to the behavior of officials at the Butte County Jail in 2017 and 2018. In another recently-filed case, Belyew v. Garafalo, No. 2:19-cv-0803 AC P, plaintiff alleged sleep deprivation and other abusive behavior during her incarceration at the Colusa County Jail in 2018. In that case, Magistrate Judge Claire found that plaintiff should not be entitled to proceed in forma pauperis because, prior to filing that action, she incurred three strikes. See Case No. 2:19-cv-0803 AC P (ECF No. 8).

The undersigned has reviewed Judge Claire's findings and recommendations and agrees that the three cases cited therein should be considered strikes under the in forma pauperis statute. Those cases are:

1. Belyew v. Butte Co. Jail Med. Staff, No. 2:17-cv-0506 JAM EFB (E.D. Cal.) – After the complaint was dismissed with leave to amend, plaintiff failed to file an amended complaint. On June 26, 2018, the court dismissed the action for failure to comply with

////

2

|   |   |
|---|---|
| 1 | court orders.  Because plaintiff failed to state a claim in that case, it counts as a strike. |
| 2 | See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017). |
| 3 | 2. Belyew v. Dupre-Tokos, No. 2:18-cv-0052 WBS EFB (E.D. Cal.) – On August |
| 4 | 31,2018, case dismissed for failure to state a claim. |
| 5 | 3. Belyew v. Merrifield, No. 2:18-cv-0648 MCE EFB (E.D. Cal.) – On September 14, |
| 6 | 2018, case dismissed for failure to state a claim.  As Judge Claire pointed out in her |
| 7 | findings and recommendations, while this case was dismissed as barred by Heck v. |
| 8 | Humphrey, 512 U.S. 477 (1994), because plaintiff did not seek relief cognizable in a |
| 9 | habeas case, its dismissal counts as a strike.  See Washington v. Los Angeles County |
| 10 | Sheriff's Dept., 833 F.3d 1048, 1055-57 (9th Cir. 2016). |

Each of these cases was dismissed before plaintiff filed the present case on April 17, 2019. Because plaintiff has thus accrued three strikes, this court finds that plaintiff should be precluded from proceeding in forma pauperis unless she was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d at 1053.  The purpose of the imminent danger exception is to allow prisoners to proceed with cases in order to resolve the issues creating the imminent danger. Therefore, a plaintiff must demonstrate a nexus between the allegations of imminent danger and a legal claim asserted in her case.  See Pettus v. Morgenthau, 554 F.3d 293, 297 (2nd Cir. 2009). Here, plaintiff was no longer incarcerated in the Butte County Jail when she filed this action. Therefore, she cannot show a nexus between her claims and any imminent danger within the meaning of § 1915(g).  Accordingly, plaintiff's motion to proceed in forma pauperis should be denied because she has incurred three strikes.

For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;

////

2. The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and

3. The court order plaintiff to pay the $400 filing fee if she wishes to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 21, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/bely0675.3 strikes fr

4